IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY D. CAIN                                                                                           PLAINTIFF
*On behalf of*
B.D.C., A MINOR

vs.                                    Civil No. 2:12-cv-02180

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Bobby D. Cain ("Plaintiff") brings this action on behalf of B.D.C., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying B.D.C.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff filed an SSI application on behalf of B.D.C. on January 12, 2009. (Tr. 122-124). With this application, Plaintiff alleges B.D.C. is disabled due to Attention Deficit Hyperactivity Disorder ("ADHD"), a learning disability, and high blood pressure. (Tr. 143). Plaintiff alleges B.D.C.'s onset date was January 7, 2009. (Tr. 14, 143). This application was denied initially and again upon reconsideration. (Tr. 78-79).

Thereafter, Plaintiff requested an administrative hearing on B.D.C.'s application, and this hearing request was granted. (Tr. 92-107). An administrative hearing was held on February 23, 2010 in Fort Smith, Arkansas. (Tr. 30-77). Plaintiff was present and was represented by Fred Caddell at this hearing. *Id.* Plaintiff and B.D.C. testified at the hearing in this matter. *Id.*

On November 22, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of B.D.C. (Tr. 11-26). In this decision, the ALJ determined B.D.C. was born on June 8, 1995 and was an adolescent on his application date and was currently an adolescent. (Tr. 17, Finding 1). The ALJ determined B.D.C. had not engaged in Substantial Gainful Activity ("SGA") since his application date of January 7, 2009. (Tr. 17, Finding 2). The ALJ determined B.D.C. had the following severe impairments: Attention Deficit Hyperactivity Disorder ("ADHD"); Oppositional Defiant Disorder ("ODD"); Disruptive Behavior Disorder, not otherwise specified; a learning disorder, not otherwise specified; and borderline intellectual functioning. (Tr. 17, Finding 3). The ALJ also determined, however, that none of B.D.C.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 17-26, Findings 4-5).

In assessing whether B.D.C.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 17-26, Finding 5). Specifically, the ALJ determined B.D.C. had the following limitations in the six domains of functioning: (1) marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined B.D.C. had not

2

been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's decision. (Tr. 26, Finding 6).

Thereafter, on December 7, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-10). On June 13, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On August 10, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2009, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

4

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ erred when he found B.D.C. did not have a marked limitation in attending and completing tasks. ECF No. 10 at 6-21. In response, Defendant argues the ALJ properly determined B.D.C. had less than a marked limitation in this domain. ECF No. 11 at 7-21. The Court will evaluate Plaintiff's only argument for reversal.

As noted above, to determine whether a child's impairments are functionally equivalent to

a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a). In the present action, the ALJ has already determined B.D.C. has a marked limitation in the first domain of functioning. (Tr. 21-22). Accordingly, if B.D.C. has a marked limitation in any other domain of functioning, then he should be found to be disabled.

In his opinion, despite B.D.C.'s diagnosis of ADHD, the ALJ determined B.D.C. had a less than marked limitation in the domain of attending and completing tasks. (Tr. 22-23). In making this determination, the ALJ relied entirely upon the findings of B.D.C.'s teacher, Ms. Vann. (Tr. 23). Ms. Vann is the special education teacher at Kimmons Junior High where B.D.C. attended school from 2009 until 2011. (Tr. 248-255, 265-272). She completed this questionnaire on May 18, 2010. *Id.*

However, Ms. Vann's responses to this questionnaire do not fully support the ALJ's determination that B.D.C. had less than a marked limitation in this domain of functioning. Notably, Ms. Vann reported B.D.C. had a very serious problem in paying attention when spoken to directly. (Tr. 250). Ms. Vann reported B.D.C. had a serious problem in (1) carrying out multi-step instructions and (2) completing work accurately without careless mistakes. *Id.* Ms. Vann reported B.D.C. had an obvious problem in (1) focusing long enough to finish assigned activity or task; (2) carrying out single-step instructions; (3) completing class and homework assignments; and (4)

6

working at a reasonable pace and finishing on time. *Id.*

As noted above, a "marked" limitation is one that *seriously* interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e) (emphasis added). Based upon Ms. Vann's report, B.D.C. suffers from one very serious problem, two serious problems, and four obvious problems in this domain of functioning. (Tr. 250). Thus, it is unclear how the findings from Ms. Vann's report can be used as the sole basis for the ALJ's determination that B.D.C. had less than a marked limitation in this domain of functioning. This is especially true since the ALJ did not elaborate further on this issue.

Additionally, B.D.C.'s counseling records demonstrate that he has had several Global Assessment of Functioning ("GAF") scores below 50. (Tr. 426, 445-446). The ALJ did not address these low GAF scores in his opinion, and it is unclear whether these low GAF scores would impact B.D.C. in this domain of functioning. (Tr. 17-26). However, such low scores indicate "serious" symptoms. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). Accordingly, the Court cannot find the ALJ's determination that B.D.C. had a less than a marked limitation in this domain of functioning is supported by substantial evidence in the record.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ denying benefits to Plaintiff on behalf of B.D.C. is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED this 23rd day of May 2013.**

                                              /s/   Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              U.S. MAGISTRATE JUDGE